UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LAURA A. YANAKEFF,**

          Plaintiff,

                                No. 2:12-cv-13221

vs.                          Hon. Gerald E. Rosen

**JP MORGAN CHASE BANK, N.A.,
MERSCORP, INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS** and **FREEDOM MORTGAGE
CORPORATION,**

          Defendants.

_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT**

**I. INTRODUCTION**

The idiom concerning not reinventing the wheel only makes sense if the wheel actually works. Before this Court is a lawsuit arising out of the foreclosure of Plaintiff's home that unfortunately makes this point. Plaintiff's Complaint is virtually identical to a complaint recently filed in this district in another matter involving Plaintiff's attorney, which Judge Cohn dismissed as wholly without merit. Undeterred by the failure of those legal theories before Judge Cohn, Plaintiff's attorney now reproduces those same theories before this Court. Plaintiff's attorney also repeats, nearly word-for-word, the same Response to

1

Defendants' dispositive motions in this case that he advanced in front of Judge Cohn.  The Complaint and Response are so canned, they even fail in large part to cater to the factual differences of this lawsuit -- like making simple changes to reflect that there is only one plaintiff in this case or that a defendant in the other case is not a defendant here.

Presently before this Court are Defendants' Motions to dismiss Plaintiff's Complaint.  Having reviewed and considered Defendants' Motions and supporting briefs, Plaintiff's response thereto, and the entire record of this matter, the Court has determined that the relevant allegations, facts, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process.  Therefore, the Court will decide this matter "on the briefs."  See Eastern District of Michigan Local Rule 7.1(f)(2).  As set forth in more detail below, the Court finds Plaintiff's cut-and-paste, cookie cutter Complaint to be without merit and dismisses it with prejudice.

## II. FACTUAL BACKGROUND

On May 22, 2009, Plaintiff borrowed $139,420.00 from Defendant Freedom Mortgage Corporation (Freedom Mortgage).  (Plf's Am. Compl., Dkt. # 18, at ¶¶ 6-7; Ex. A to Defs' Mtn., Dkt. # 21-2).  In exchange, Plaintiff gave a Mortgage to Defendant Mortgage Electronic Registration Systems (MERS) on her home in St. Clair Shores, Michigan (the Property).  (Plf's Am. Compl., Dkt. # 18, at ¶¶ 6-7;

2

Ex. B. to Defs' Br., Dkt. # 21-3).   MERS assigned the Mortgage to Freedom Mortgage on September 22, 2011.  (Plf's Am. Compl., Dkt. # 18, at ¶ 9; Ex. C to Defs' Br., Dkt. # 21-4).  The Mortgage and the Assignment were duly recorded in the Macomb County Register of Deeds.  (Plf's Am. Compl., Dkt. # 18, at ¶¶ 8-9).

Plaintiff lost her job in July 2009 and could no longer afford her mortgage payments.  (Ex. 3 to Plf's Resp., Dkt. # 26, at 39).  Freedom Mortgage eventually instituted foreclosure proceedings in October 2011 under M.C.L. § 600.3201 *et seq,* Michigan's foreclosure by advertisement statute.  (Exs. D & E to Defs' Br., Dkt. ## 21-5, 21-6).  Freedom Mortgage provided Plaintiff with the requisite statutory notice pursuant to M.C.L. § 600.3205a.  (*Id.*).  Plaintiff did not respond to the notice and did not request a meeting to attempt to work out a modification of the Mortgage to avoid foreclosure pursuant to this notice.  (Ex. E to Defs' Br., Dkt. # 21-6).  The Macomb County Sherriff held a Sherriff's sale on December 8, 2011, with Freedom Mortgage purchasing the Property.  (*Id.*).  The statutory redemption period expired June 8, 2012.  (*Id.*; Plf's Am. Compl., Dkt. # 18, at ¶ 114).

Plaintiff filed her initial *pro se* Complaint in Macomb County Circuit Court on July 2, 2012.  (Plf's Compl., Dkt. # 1-2).  Following removal, Plaintiff obtained counsel and filed a seven-count Amended Complaint.  (Plf's Am. Compl., Dkt. # 18).  The Amended Complaint challenges the foreclosure with a myriad of theories under several provisions of Federal and Michigan statutory and common law,

which are set forth in more detail below. Currently pending before the Court are Defendants' dispositive motions: (1) Defendant JP Morgan Chase Bank's Motion to Dismiss (Def's Mtn., Dkt. # 20); and (2) Defendants MERSCORP, MERS, and Freedom Mortgage's Motion for Dismissal/Summary Judgment (Defs' Mtn., Dkt. # 21).

### III. DISCUSSION

### A. Applicable Standards

All Defendants seek dismissal of Plaintiff's Complaint for failing to state a claim under Rule 12(b)(6). Defendants MERSCORP, MERS, and Freedom Mortgage also alternatively move for summary judgment under Rule 56. In support of this alternative, Defendants MERSCORP, MERS and Freedom Mortgage attached a variety of documents relative to the Mortgage and the subsequent foreclosure. These exhibits and information contained therein are referenced in Plaintiff's Complaint and are central to Plaintiff's claims. As such, they may be deemed to form part of the original Complaint and would not normally require the Court to convert Defendants' Motion to a Rule 56 motion. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). In Response, however, Plaintiff submitted materials outside her Complaint -- an affidavit and various documents apparently relating to attempts to short sell Plaintiff's home. Therefore, the Court will treat those portions of Defendants' Motions that rely on

the pleadings alone as seeking dismissal and those sections where Plaintiff presented collateral material as seeking summary judgment.

### 1.    Rule 12 Standard

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiffs and accept all well-pled factual allegations as true.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for defendant's conduct."  *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

The Sixth Circuit has emphasized that the "combined effect of *Twombly* and *Iqbal* [is to] require [a] plaintiff to have a greater knowledge . . . of factual details

in order to draft a 'plausible complaint.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (citation omitted).  Put another way, complaints must contain "plausible statements as to when, where, in what or by whom," *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011), in order to avoid merely pleading an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### 2.    Rule 56 Standard

Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As the Supreme Court has explained, "the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  In addition, where a moving party -- here, Defendants -- seeks an award of summary judgment in its favor on a claim or issue as to which it bears the burden of proof at trial, this party's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation marks, citation, and emphasis

6

omitted).

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.,* 434 F.3d 810, 813 (6th Cir. 2006). Yet, the nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). But, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." *Pack*, 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

**B.     Plaintiff's Claims**

Before turning to Plaintiff's claims, a brief discussion regarding Plaintiff's Complaint is in order.     Plaintiff's 221-paragraph Complaint is nearly indistinguishable from the 218-paragraph complaint filed in *Minneweather v. Wells Fargo Bank, N.A.* by Plaintiff's attorney. (*Compare* Plf's Am. Compl., Dkt. # 18 *with Minneweather*, 12-cv-13391, Dkt. # 11).   They are so corresponding, for example, that Plaintiff's Complaint consistently references "Plaintiffs" despite there only being one plaintiff in this case (but two in *Minneweather*). (Plf's Am. Compl., Dkt. # 18, at ¶¶ 22, 80, 95, 97, 101, 104, 105, 106, 107, 117, 124, 125, 179, 180, 186, 187, 188, 189, 190, 191, 192, 195, 197, 203). Plaintiff's Complaint also makes several references to a defendant in *Minneweather* (Wells Fargo) that is

7

not a defendant in this case.  (*Id.* at ¶¶ 100, 193, 194, 200, 213).  It is apparent to this Court that Plaintiff's attorney just recycled the *Minneweather* Complaint and made very little effort to specifically tailor it to his client's circumstances.

Not surprisingly, Plaintiff's Response fares no better.  It makes no discernible attempt to tailor *her* arguments to *her* facts and the arguments presented by the Defendants in *this* case.  Instead, the Court is left with a pleading echoing the *Minneweather* Response in *all* relevant aspects.  (*Compare* Plf's Resp., Dkt. # 26 *with Minneweather*, 12-cv-13391, Dkt. # 16).  As but one example, the Response here distinguishes a case cited by "Defendants" on "page 11 of their memorandum."  (Plf's Resp., Dkt. # 26, at 8-9).  The Defendants in this matter mentioned no such case and this reference is just a sloppy carry-over from the Response filed in *Minneweather*.  (*See* 12-cv-13391, Dkt. # 16., at 9-10).[1]

Given the similarities between this case and *Minneweather*, this Court finds Judge Cohn's opinion in *Minneweather* to be persuasive.  Accordingly, this Court dismisses Plaintiff's Complaint with prejudice, as well as orders Plaintiff's attorney to show cause as to why he should not be sanctioned for his conduct in this litigation.

---

[1] The Court also notes that both Responses fail to comply with the Local Rules as they do not "contain a concise statement of the issues presented and, on the following page, the controlling or most appropriate authority for the relief sought").  *See* Eastern District of Michigan Local Rule 7.1(d)(2).

### 1.      Michigan Consumer Protection Act (Count I)

Michigan's Consumer Protection Act (MCPA) generally prohibits unfair, unconscionable, and deceptive trade practices.  M.C.L. § 445.901 *et seq.*  Plaintiff alleges that Defendants violated the MCPA by utilizing MERS' electronic registry system, which tracks certain mortgage servicing rights and ownership interests. This system, Plaintiff claims, hides the "true mortgage owner from homeowners, other stakeholders, [and] the public" (Plf's Am. Compl., Dkt. # 18, at ¶ 81) and allows entities to assign and foreclose on mortgages without "possess[ing the requisite] authority to act because the mortgage loan [is] never properly transferred to the purported beneficial owner."  (*Id.* at ¶ 89).  As an initial matter, Plaintiff puts forth *no* facts relative to *her* Mortgage, or subsequent foreclosure as it relates to the MCPA.  Notwithstanding this pleading defect, Judge Cohn rejected this exact theory in *Minneweather*, reasoning as follows:

> Section 445.904(1)(a) of the MCPA excludes from the MCPA any "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States."  Mich. Comp. Laws § 445.904(1)(a).  Courts have unanimously held that this exclusion to the MCPA applies to residential lending activities of state and federal banks.  *See, e.g., Newton v. Bank West,* 262 Mich. App. 434, 441, 686 N.W.2d 491 (2004) ("Both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions."); *Steinberg v. Fed. Home Loan Mortg. Corp.,* —— F.Supp.2d ——, 2012 WL 4498297, at *7 (E.D. Mich. 2012) (citing *Newton,* 262 Mich. App. at 438, 686 N.W.2d 491); *Droski v. Wells Fargo Bank, N.A.,* No. 11–11193, 2012 WL 3224134, at *6 (E.D.

Mich. Aug. 6, 2012) ("Michigan courts have found that residential mortgage loan transactions are exempt from the MCPA.") (citation omitted); *Jozlin v. U.S. Bank Nat. Ass'n,* No. 11–12749, 2012 WL 12760, at *6 (E.D. Mich. Jan. 4, 2012) ("Those Michigan courts and federal courts which have applied Michigan law have consistently held that the MCPA does not apply to those claims which have arisen out of residential mortgage loan transactions.") (citations omitted). This case is no different.

To the extent that the MCPA does apply to MERS, plaintiffs have failed to state a claim against MERS because its only involvement was assigning the mortgage from MBS to Wells Fargo. The mortgage expressly stated that it was given to MERS as the "nominee for Lender [MBS]." Further, the mortgage granted MERS the power of sale upon plaintiffs' default on the note, giving MERS an interest in the indebtedness. *See Residential Funding Co., L.L.C. v. Saurman,* 490 Mich. 909, 805 N.W.2d 183 (2011). MERS assigned the mortgage to Wells Fargo. As it relates to MERS, plaintiffs' amended complaint does nothing more than recite elements required to establish a deceptive practices claim. This is not enough to satisfy the pleading requirements in Iqbal, *supra.*

*Minneweather*, 2012 WL 5844682, at *2 (alterations in original); *see also McCann v. U.S. Bank, N.A.*, 873 F. Supp. 2d 823, 831 (E.D. Mich. 2012) ("MERS has the specific authority created by the mortgage to act as the mortgagee and the original lender's nominee. Consequently, MERS has statutory authority to enforce a mortgage granted to it as nominee for the lender, including assigning the mortgage."). This Court agrees and finds that Plaintiff's MCPA claim similarly fails as a matter of law.

10

2.      **Slander of Title (Count II)**

Plaintiff premises her slander of title claim on the assertion that MERS lacked authority to assign the Mortgage to Freedom Mortgage because MERS did not have an interest in the Note.  (Plf's Am. Compl., Dkt. # 18, at ¶ 103).  In order to prove slander of title under Michigan law, Plaintiff must show: (1) that Defendants maliciously published false matter; (2) that disparaged her title; and (3) caused special damages.  *GKC Mich. Theaters, Inc. v. Grand Mall,* 222 Mich. App. 294, 301 (1997) (statutory slander of title pursuant to M.C.L. § 565.108); *Sullivan v. Thomas Org., PC,* 88 Mich. App. 77, 82 (1979) (common law slander of title). This claim fails for a litany of reasons.

First, Plaintiff was not a party to the assignment and therefore lacks standing to challenge the assignment.  *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 735-37 (E.D. Mich. 2010). Second, even if Plaintiff were to have standing, MERS, as the nominee of Freedom Mortgage, had the power to assign her Mortgage to Freedom Mortgage.  *See Saurman*, 805 N.W.2d at 183; *McCann*, 873 F. Supp. 2d at 831.  And third, Plaintiff must do more than allege the assignment was invalid in order to prove malice.  As Judge Cohn spelled out for Plaintiff's attorney in *Minneweather*:

> [A]side from the mere recitation that defendants acted maliciously and intentionally, [the] complaint fails to allege any acts that show defendants acted with malice.  The Michigan Court of Appeals has held that recording an invalid assignment, without more, is not enough

to show malice in supporting a slander of title claim. *Stanton v. Dachille,* 186 Mich. App. 247, 262, 463 N.W.2d 479 (1990) ("Malice cannot be inferred merely from the filing of an invalid lien. To sustain a claim of slander of title, the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury."). Thus, plaintiffs' bare-boned assertion that the assignment was invalid does not survive a Rule 12(b)(6) motion.

*Minneweather*, 2012 WL 5844682, at *3. Here, Plaintiff's Complaint similarly fails to allege any specific acts of malice and therefore fails.

### 3.    Wrongful Foreclosure (Counts III & IV)

Count III asserts a violation of M.C.L. § 600.3205a.[2]  Under Michigan law, a borrower receiving a foreclosing party's notice "may request a meeting . . . to attempt to work out a modification of the mortgage loan to avoid foreclosure." M.C.L. § 600.3205a(1)(d).  A borrower must request such a meeting "within 14 days after the notice is sent." (*Id.*).

Plaintiff generally asserts that Freedom Mortgage did not provide Plaintiff with the opportunity to meet and work out a modification of her Mortgage to avoid foreclosure.  (Plf's Am. Compl., Dkt. # 18, at ¶ 110).  Plaintiff also claims that Chase and Freedom Mortgage "failed to comply with the tort of good faith and fair dealing" by "fail[ing] to follow-up with plaintiffs (sic) requests to either do [a] short sale or to produce paperwork to modify [the] loan." (*Id.* at ¶ 111-12).

---

[2] This provision was subsequently amended effective December 22, 2011.  The Court provides reference to the provision of this statute in effect at the time of the events in this lawsuit.

According to Plaintiff, Chase and Freedom Mortgage "would lose her application and ask her to resubmit [the application] in a scheme to have [the] redemption period expire." (*Id.* at ¶ 113).[3]

Plaintiff has not, however, put forth any evidence to dispute that she did not request a loan modification *pursuant to the statutory requirements set forth in M.C.L. § 600.3204(4)*. And, even if Plaintiff did request such a meeting, Michigan law limits the remedy she seeks. As this Court recently explained:

> Even if Plaintiff had demonstrated that Defendants failed to comply with the provisions of the statute, the only relief to which she would be entitled under Michigan law is to convert the foreclosure by advertisement to a judicial foreclosure. *See* M.C.L. § 600.3205c(8):
>
> > If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of

---

[3] In addition to the assertions set forth in her Amended Complaint, Plaintiff also attached an affidavit and various materials as part of her Response to Defendants' dispositive motions that do not raise genuine issues of material fact. She, for example, attests that "the requirements of MCL 600.3204(3) were not strictly complied with, and the foreclosure sale should be set aside," without providing any specifics as to why this was the case. (Ex. 1 to Plf's Resp., Dkt. # 26, at 25). Though it is not entirely clear, Plaintiff claims that she "was cheated" because she had submitted paperwork for either a loan modification or short sale but was "told [her] paperwork and applications were lost . . . which clearly shows the fr5aud (sic) and gamesmanship that was being played." (*Id.*). Plaintiff's various documents also indicate that: (1) she requested relief from her loan's servicer due to her financial hardship in February 2011 (*Id.* at 44-45); (2) she entered into an agreement in June 2011 to sell her house that was contingent upon the acceptance of a short sale (*Id.* at 56-60); (3) she entered into agreements with "Nationwide Loan Help" and "Pinnacle Law Group" to consult with her regarding her Mortgage and/or for her short sale after the foreclosure (*Id.* at 33-42); and (4) her loan's servicer denied her application for "Loss Mitigation Assistance" on June 5, 2012. (*Id.* at 46).

13

this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1) ..., the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31 [as a judicial foreclosure].

*Id.*

The statute does not provide a plaintiff with a cause of action to quiet title, enable her to avoid foreclosure, or permit the recovery of damages or any other relief. Courts have examined this issue on multiple occasions and have concluded that a borrower's sole relief for a purported violation of the loan modification statutes is to seek to convert the foreclosure sale to a judicial foreclosure. *See e.g., Stein v. U.S. Bancorp,* 2011 WL 740537 at *9–10 (E.D. Mich. Feb. 14, 2011) (Cook, J.) (the sole remedy available to plaintiff is that "the mortgagee is not permitted to [ ] foreclosure by advertisement, and must instead proceed via judicial foreclosure."); *Adams v. Wells Fargo Bank, N.A.,* 2011 WL 3500990 at *4 (E.D. Mich. Aug. 10, 2011) (Battani, J.) ("Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief.  The plain language of § 600.3205c(8) limits his relief.  It does not authorize the Court to set aside the foreclosure."); *Ellison v. JPMorgan Chase, N.A.,* 2012 WL 4513799 at *5 (E.D. Mich. Oct. 2, 2012) (Cohn, J.) (the statute "does not require Chase to modify any specific loan, and it does not provide any basis for unwinding the foreclosure .... the borrower's sole relief for an alleged violation of the loan modification statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure, prior to the sale."); *see also Benford v. CitiMortgage, Inc.,* 2011 WL 5525942 at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) ("To the extent that Plaintiff has asserted a violation of [the loan modification statutes], his claim fails because the statute does not permit the Court to set aside a completed foreclosure sale.... The statute plainly requires the

borrower to seek his remedy prior to the completion of the foreclosure sale, as it merely converts the proceeding into one of judicial foreclosure.  A borrower may not challenge a completed foreclosure sale under this statute.").

*Riley-Jackson v. Ocwen Loan Servicing*, 2013 WL 5676827, at *3-4 (E.D. Mich. Oct. 18, 2013) (omissions and alterations in original).   Plaintiff's Count III therefore fails.

Count IV alleges a violation of M.C.L. § 600.3204(3), asserting that MERS "does not own the promissory note secured by the mortgage" and that "a record of chain of title" did not exist at the time of the foreclosure.  (Plf's Am. Compl., Dkt. # 18, at ¶¶ 117-24) (citing M.C.L. § 600.3204(3)).  Judge Cohn in *Minneweather* dismissed this well-worn claim:

> A provision in the mortgage granted MERS and its successors and assigns the power of sale in the event of a default on the loan.  MERS assigned the mortgage to Wells Fargo.  The mortgage and assignment were recorded.   In *Collins v. Wickersham,* the court reasoned that "[p]laintiffs provide no authority whatsoever for the assertion that an assignment from MERS cannot establish a record chain of title under the foreclosure statute."  862 F. Supp. 2d 649, 658 (E.D. Mich. 2012). Indeed, the court stated that, under the statute, "an assignment by the record holder of the mortgage is plainly satisfactory to establish a record chain of title.... It cannot be disputed that a record chain of title existed ... as the assignment from MERS to Wells Fargo was recorded with the Register of Deeds...."  *Id.* at 658–59. The court reached a similar conclusion in *McLaughlin v. Chase Home Finance, LLC:*
>
>> Here, the Mortgage clearly declares MERS the mortgagee. Plaintiffs granted the Property and power of sale to MERS and its successors and assigns.  The Mortgage also grants MERS the right to foreclose. MERS in turn executed an unambiguous document

15

> assigning its rights under the Mortgage to Chase. Thus, a
> record chain of title clearly exists, providing Chase the
> right to foreclose.

No. 11–11012, 2012 WL 995284, at *4 (Mar. 23, 2012) (internal citations to record omitted).

> This case is identical to *Collins* and *McLaughlin.* MERS's recorded
> assignment of the mortgage to Wells Fargo established a record chain
> of title. Further, the note itself was endorsed to Wells Fargo.
> Plaintiffs' claim has no merit.

*Minneweather*, 2012 WL 5844682, at *3-4. The same is applicable here and

Plaintiff's claim is without merit.[4]

### 4.      Fraud (Count V)

Plaintiff's fraud claim is again lifted directly from the *Minneweather*

complaint, generally asserting that MERS is a scheme used to perpetrate mortgage

fraud. Such assertions, noted Judge Cohn, were "copied verbatim from a

complaint filed by the State of Delaware against MERS." *Id.* at *4 (citing *State of*

*Delaware v. MERSCORP, Inc.,* 2011 WL 5128209 (Del. Ch. 2011) (No. 6987).

Judge Cohn then found that the allegations in *Minneweather* failed to satisfy the

particularity requirements of Federal Rule of Civil Procedure 9(b):

> Plaintiffs generally challenge the MERS business model as a whole.
> Plaintiffs claim that MERS and Wells Fargo worked together to
> misrepresent the true holder of plaintiffs' mortgage and effectuate a
> wrongful foreclosure. As best as can be seen from the complaint and

---

[4] Because the Court determines that Plaintiff's wrongful foreclosure claims are without merit, the Court declines to address whether Plaintiff is guilty of laches. (Defs' Br., Dkt. # 21, at 19-20).

plaintiffs' papers, they are challenging the assignment of the mortgage from MERS to Wells Fargo.

Plaintiffs fail to state with particularity any facts sufficient to make out a claim of fraud or misrepresentation. In order to meet the particularity requirements of Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.,* 547 F.3d 564, 569–70 (6th Cir. 2008) (citation omitted). Plaintiffs' amended complaint patently fails to meet the particularity requirements of Rule 9(b). In the sixty-seven paragraphs of the complaint pertaining to the fraud count, plaintiffs fail to identify (1) the allegedly false statements, (2) the speaker, and (3) when, where, and under what circumstances the statements were made.

*Id.* Here, Plaintiff does not put forth any other factual allegations different from those in *Minneweather*, and her claim for fraud therefore fails as a matter of law.

### 5.    Quiet Title (Count VI)

Plaintiff next seeks a determination from this Court that "neither MERS or (sic) Freedom Mortgage can hold title" to the subject property and seeks to "[e]njoin the foreclosure sale and resulting Sheriff's Deed, declare them illegal and wrongfully obtained making Plaintiffs' (sic) title in the subject property superior to that of Defendants." (Plf's Am. Compl., Dkt. # 18, at ¶¶ 195-96). She also states that "Wells Fargo now purports to hold title to the subject property, assigned under fraudulent conditions" and that, pursuant to M.C.L. § 555.55, "Wells Fargo is not the true holder of the title in the subject property." (*Id.* at ¶¶ 193-94). This claim

for quiet title replicates the allegations set forth in *Minneweather*.  (*Compare id.* at ¶¶ 191-96 *with Minneweather*, 12-cv-13391, Dkt. # 11, at ¶¶ 188-93).

Plaintiff's slipshod pleading -- wholly copying and pasting an asserted cause of action from an inapplicable matter -- merits dismissal.  First, Wells Fargo is not a party to this suit and does not have any interest in the property.   In *Minneweather*, Wells Fargo was a third party to the original mortgage transaction. *Minneweather*, 2012 WL 5844682 at *3-4.  Because there is no similarly situated party to Wells Fargo in the instant case, the Court declines to speculate as to whom Plaintiff may have meant to refer.  Second, unlike *Minneweather*, a foreclosure sale has already occurred.  Third, Michigan repealed M.C.L. § 555.55, the Revised Uniform Principal and Income Act in 2004.  *See* Public Act 159 of 2004.  Fourth, quiet title is a remedy, not a cause of action under Michigan law.  *See Shaya v. Countrywide Home Loans, Inc.*, 489 F. App'x 815, 819 (6th Cir. 2012).  Fifth, it is undisputed that the six-month statutory redemption period expired on June 8, 2012, at which point Plaintiff's rights in and title to the property extinguished.  *See Rabbah v. Federal Home Loan Mortgage Corp.,* 2013 WL 153729, at *3–*4 (E.D. Mich. Jan. 15, 2013) (Cox, J.); *Saroki v. Bank of New York Mellon,* 2012 WL 5379169, at *3–*4 (E.D. Mich. Oct. 31, 2012) (Duggan, J.).  Upon the expiration of this redemption period, "the mortgagor may undo the [sheriff's sale of the property] only by demonstrating fraud or irregularity in the foreclosure

18

proceedings," and Plaintiff's canned Complaint fails to set forth any fraud or irregularity. *Saroki,* 2012 WL 5379169, at *4; *see also Rabbah,* 2013 WL 153729, at *4. Plaintiff's claim therefore fails as a matter of law.

### 6.   Truth in Lending Act (Count VII)

At the risk of sounding like a broken record, Plaintiff's Truth in Lending Act (TILA) claim is again copied verbatim from the *Minneweather* complaint. (*Compare* Plf's Am. Compl, Dkt. # 1, at ¶¶ 197-205 *with Minneweather*, 12-cv-13391, Dkt. # 11, at ¶¶ 194-202). She even again erroneously refers to the Mortgage's assignment to Wells Fargo, as well as to a "REMIC trust:"

> 200.   Defendant Wells Fargo allegedly was assigned the Mortgage on February 10, 2010.

> 201.   Plaintiff was never notified that his (sic) promissory note was sold to a REMIC trust.

(Plf's Am. Compl., Dkt. # 18, at ¶ 200-01). Plaintiff claims that "Defendants' (sic) and its (sic) predecessor's fail[ed] to notify Plaintiff of the change in creditor" and are therefore liable for statutory damages under 15 U.S.C. § 1641(g). (*Id.* at ¶ 202-05).

TILA mandates that creditors make certain disclosures "as to the terms of lending arrangements and provides for civil liability for failure to comply with its provisions." *Minneweather*, 2012 WL 5844682, at *4 (citations omitted). Plaintiff's reference to Wells Fargo and a "REMIC" trust makes her TILA claim

19

indiscernible on this basis alone.  Assuming that Plaintiff rests her TILA claim on the fact that MERS assigned her Mortgage to Freedom Mortgage on September 22, 2011, this claim fails.  TILA's notice provision concerning the sale, transfer or assignment of a "mortgage loan" to a third party, 15 U.S.C. § 1641(g)(1), does not apply because Plaintiff has not alleged that any such sale, transfer, or assignment to a *third party* took place.  MERS did not assign the debt, which was always payable to Freedom Mortgage since the loan's origination.  Freedom Mortgage was not a third party in any cognizable sense of the term.  Plaintiff's TILA claim fails.

### 7.    Defendant JPMorgan Chase Bank's involvement in this matter

Plaintiff filed her original Complaint against Chase, MERS, and Freedom Mortgage on July 2, 2012 in state court.  (Plf's Compl., Dkt. # 1-2).  Following removal, Plaintiff (acting *pro se*) stipulated to dismissing Chase without prejudice.  (Dkt. #5).  Plaintiff's attorney subsequently appeared and filed the Amended Complaint, again naming Chase as a Defendant despite the fact that the exhibits attached to Plaintiff's original Complaint make clear that Chase had no involvement in originating, servicing, or foreclosing on Plaintiff's Mortgage.  (Exs. B-D to Plf's Compl., Dkt. # 1-2).  The Amended Complaint only references Chase in two ways: (1) it, along with other national banks, is a member of MERS (Plf's Am. Compl., Dkt. # 18, at ¶ 13); and (2) it allegedly committed improprieties related to Plaintiff's request to conduct a short sale or modify her loan (*Id.* at ¶¶

20

112-13).[5]  Plaintiff has put forth no other facts as to how its membership in MERS is related to *her* or how Chase was involved in a short sale or home modification given that her prior filings do not show any involvement in her Mortgage or foreclosure.  When presented with this fact by Chase in its Motion to Dismiss (Def's Br., Dkt. # 20), Plaintiff's attorney failed to even mention Chase in Response.  (Plf's Resp., Dkt. # 26).  In sum, Plaintiff's attorney presented no reason as to why he brought Chase back into this lawsuit.  In addition to the reasons set forth above, these defects with respect to Chase further support a dismissal of Plaintiff's Complaint.

## C.    Sanctions

Given the foregoing discussion, the Court is deeply troubled by the conduct of Plaintiff's attorney.  Boilerplate language assists practitioners and courts alike in terms of framing-out complaints, pleadings, and opinions.  Cookie cutter complaints and other pleadings that fail to link boilerplate language to an individual litigant's specific facts do nothing more than to needlessly cause others -- in this case, Defendants and this Court -- to expend unnecessary time and resources.  This Court therefore directs Plaintiff's attorney, Lawrence N. Radden,

---

[5] All Plaintiff asserts with respect to this is that Chase: (1) "failed to follow-up with plaintiffs (sic) requests to either do the short sale or to produce paperwork to modify (sic) loan" and (2) "would lose her application and ask her to resubmit in a scheme to have (sic) redemption period to (sic) expire, where sheriff's sale (sic) held on December 8, 2011."  (Plf's Am. Compl., Dkt. # 18, at ¶¶ 112-13).

to appear before the Court on December 19, 2013 at 10:00am with his client and SHOW CAUSE as to why he should not be sanctioned under Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927.

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant JP Morgan Chase Bank's Motion to Dismiss [Dkt. # 20] is GRANTED.

IT IS FURTHER ORDERED that Defendants MERSCORP, MERS, and Freedom Mortgage Corporation's Motion for Dismissal/Summary Judgment [Dkt. # 21] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's attorney, Lawrence N. Radden, appear before the Court on December 19, 2013 at 10:00am with his client and SHOW CAUSE as to why he should not be sanctioned under Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927.

IT IS FURTHER ORDERED that all Defendants shall submit a petition for their fees incurred in this matter after August 27, 2012 -- the date Plaintiff's attorney appeared -- no later than seven days before the Show Cause hearing.

**IT IS SO ORDERED.**

**Dated:  December 5, 2013**          **s/Gerald E. Rosen_____**
                                      **GERALD E. ROSEN**
                                      **CHIEF, U.S. DISTRICT COURT**

## CERTIFICATE OF SERVICE

**I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 5, 2013, by electronic and/or ordinary mail.**

**s/Julie Owens**\
**Case Manager, 313-234-5135**
